UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ERIC F. ROBERSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:12-CV-469 PS |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
| Westville Correctional Facility, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**OPINION AND ORDER**

Eric Roberson was found guilty in a prison disciplinary proceeding of escape after he failed to timely return to his work release facility. Roberson was docked good time credit as a result and was removed from the work release facility and sent back to prison. He is presently housed at the Westville Correctional Facility. Roberson has submitted an amended petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with the loss of his earned credit time, his placement in disciplinary segregation, and his demotion to a lower credit time earning classification [DE 10-1 at 4].

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULES GOVERNING § 2254 CASES 4 (2004). This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions that obviously lack merit. *Id*. This is one of those petitions.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). The decision of the prison disciplinary board need only be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his amended petition, Roberson asserts that when he was placed in disciplinary segregation, the facility did not give him his property "til [sic] way later [than the] date they gave it to the facility property room [and they did] not bring [it] to segregation til [sic] . . . way later" [DE 10 at 3]. In reviewing a decision by the disciplinary board, the relevant inquiry is whether any evidence in the record supports the board's decision. *Mass. Corr. Inst.*, 472 U.S. at 455–56. The evidence before the board – the conduct report – indicated that on May 26, 2012, Roberson did not return to the South Bend Community Re-Entry Center when the head count was taken [DE 7]. Later that evening, Roberson was arrested at 1738 Freeman Street in South Bend, Indiana [*Id.*]. This evidence in the record supports the board's decision. The timing as to when he received his property after the board reached its decision and ordered that he be placed in disciplinary segregation had no effect upon the board's decision-making. Therefore, the withholding of Roberson's property does not defeat the decision made by the review board and states no claim upon which habeas relief can be granted. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (affirming that due process is considered satisfied when there is some evidence supporting the disciplinary board's decision); *Mass. Corr. Inst.*, 472 U.S. at 455 (noting that so long as there is some evidence to support the decision by the prison disciplinary board, the

requirements of due process have been met). Therefore, ground one of Roberson's petition is dismissed.

In ground two of his amended petition, Roberson appears to assert that prison officials violated Indiana Department of Correction ("IDOC") policy because he "never received any criminal conviction," and queries "so where do[es] a write up come for escape[?]" [DE 10 at 3]. The implication here is that because Roberson was not criminally charged and prosecuted for escape, that his due process rights were somehow violated. South Bend Community Re-Entry Center policy permits the center to charge Roberson with escape or a Community Re-Entry Center Violation [DE 10-1 at 1–2]. Of course, escape can also be a criminal offense, a felony that includes a sentence of up to 8 years to run consecutive to the inmate's current sentence [DE 10-1 at 1]. Here, while he was not charged criminally with escape, he was written up for a Community Re-Entry Center violation, and as a result, he was transferred to the Westville Correctional Center [DE 10].

If a state prisoner seriously misbehaves, state officials may elect to bring both criminal charges and a disciplinary action against the prisoner. *See Garrity v. Fiedler*, 41 F.3d 1150, 1152–53 (7th Cir. 1994) (holding that prison disciplinary proceedings do not bar a subsequent criminal prosecution for the same offense under double jeopardy). In other words, a state prison conduct board can discipline offenders for misbehavior that violates the institution's policies after appropriate disciplinary proceedings, but they are not required to criminally prosecute the offender as well. Therefore, it was proper for the prison officials to write Roberson up, even if they did not pursue additional criminal charges. Accordingly, Roberson cannot proceed on ground two of his amended petition.

In ground three of his amended petition, Roberson asserts that "the writeup wasn't investigated" as required by policy [DE 10 at 3]. Roberson appears to suggest that under IDOC policy there should have been an investigation at the time the conduct report was written at the

South Bend Community Re-Entry Center [DE 10 at 3]. The problem with Roberson's argument is that violations of state law or IDOC policies do not state a claim upon which relief can be granted in a federal habeas corpus proceeding. *See Boyd v. Finnan*, 348 Fed. Appx. 160, 162 (7th Cir. 2009) (finding that allegations of violations of state law and of disciplinary procedure do not justify a petition for habeas relief); *Hester v. McBride*, 966 F. Supp. 765, 774–75 (N.D. Ind. 1997) (determining that a violation of institutional procedures does not fall within the review provided in § 2254 and that habeas relief only covers violations of the Constitution, laws, and treaties of the United States). Further, this claim does not implicate any due process protections required under *Wolff*. 418 U.S. at 565–66, 68. Ground three does not present a claim upon which habeas relief can be granted and is dismissed.

Finally, in ground four, Roberson complains that prison official "Michael Scott approves all major writeups . . . . That is unfair and grounds itself for dismissal [of the escape charge] nor did facility follow policy [sic] wrong offense calls for dismiss[al]" [DE 10 at 3]. In other words, Roberson appears to argue that it is improper that one person reviews or approves all conduct reports [*Id*]. It is true that *Wolff* requires an unbiased decision maker, but nothing about tasking one prison official with reviewing all conduct reports suggests that the official would therefore be biased. *See Wolff*, 418 U.S. at 592 (noting the requirement for impartiality in disciplinary hearings).

Also in ground four of his petition, Roberson alleges that he was charged with the wrong offense, which violates IDOC policy and should result in dismissal [DE 10 at 3]. This appears to be a rehashing of the second ground of his petition, which, for the reasons already stated, is not a proper basis for habeas relief. *See Hester*, 966 F. Supp. at 774–75 (noting that a violation of disciplinary policy does not support a claim for habeas relief). Thus, ground four is dismissed.

For the foregoing reasons, the Court DISMISSES the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 10] pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**SO ORDERED**.

ENTERED: February 27, 2013   s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT